UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kendell Jackson,

    Plaintiff,

-against-

Lonnie Brown and Kyesha Fraser,

    Defendants

ECF CASE

COMPLAINT AND DEMAND FOR JURY TRIAL



## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of the plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments to the Constitution.

## JURISDICTION

2. This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. The plaintiff demands a trial by jury on each and every one of his claims as

pled herein.

## PARTIES

6. Plaintiff Kendell Jackson is a resident of the State of New York.

7. At all relevant times herein, defendants Lonnie Brown and Kyesha Fraser were employed by the New York City Police Department ("NYPD") and were each acting in the capacity of agent, servant, and employee of the City of New York (the "City").

8. At all times relevant herein, defendant Lonnie Brown ("Officer Brown") held the rank of police officer and had shield number 8637.

9. At all times relevant herein, Kyesha Fraser ("Officer Fraser") held the rank of police officer and had shield number 2870.

10. At all times relevant herein, the defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

11. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

12. On the afternoon of March 23, 2012, plaintiff Kendell Jackson was standing in front of a store near 2026 Seventh Avenue, the building in which he then lived, talking to

two acquaintances when Officer Brown and Officer Fraser pulled up in an unmarked police vehicle and approach the small group.

13. Officer Brown told the two gentlemen that Mr. Jackson was with to "get out of here" and then asked Mr. Jackson if he lived in the building.

14. Mr. Jackson said he did, at which point Officer Brown handcuffed him, searched through his pockets and took out his keys.

15. Officer Brown entered into the apartment building using Mr. Jackson's keys while Officer Fraser stood outside with Mr. Jackson.

16. Officer Brown returned from inside the building and directed Officer Fraser to place Mr. Jackson in their police vehicle.

17. Mr. Jackson was then brought to the NYPD's 28th Precinct.

18. After several hours at the 28th Precinct, Mr. Jackson was taken to Central Booking in lower Manhattan.

19. On the evening of March 24, 2012, Mr. Jackson was finally arraigned on a felony complaint (the "Felony Complaint") charging him with one count of Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law § 220.16(1)), a class "B" felony.

20. In the Felony Complaint, Officer Brown, who was designated as the arresting officer, stated that he "observed the defendant [Mr. Jackson] ushering people into and out of an apartment building where he believes the defendant is selling narcotic drugs and then sees the defendant place small objects on top of a door at [2026 Seventh Avenue]." Officer

Brown then stated that he recovered narcotics "from the top of that door."

21. Mr. Jackson did not usher people into and out of 2026 Seventh Avenue, nor did he place any objects on top of a door at that address.

22. Officer Brown knew that Mr. Jackson did not usher people in and out of the apartment building or place narcotics on top of the door at 2026 7th Avenue and/or did not have sufficient knowledge to positively identify him as doing so.

23. As the arresting officer, Officer Brown prepared and signed police reports relating to Mr. Jackson's arrest.

24. In preparing those reports, Officer Brown repeatedly falsified information relating to his observations, if any, of Mr. Jackson, including false claims that he "usher[ed] people into and out of [the] building" and that he "place[d] small objects on top of a door."

25. Officer Brown provided these false reports as well false oral statements to one or more prosecutors from the New York County District Attorney's office, including Assistant District Attorney Jamie Masten and Assistant District Attorney Walker.

26. Any information provided by to prosecutors by Officer Brown and/or Officer Fraser implicating Mr. Jackson in the sale or possession of drugs as alleged in the Felony Complaint was false.

27. In or around March of 2012, a grand jury sitting in New York County voted to indict Mr. Jackson on in connection with the conduct alleged in the Felony Complaint.

28. The indictment was based on the false statements and perjured testimony of Officer Brown.

29. On March 1, 2013, after more than a dozen court appearances, the case against Mr. Jackson was finally brought to trial. Six days later, on March 7, 2013, a jury fully acquitted Mr. Jackson.

30. Notwithstanding the fact that Mr. Jackson was acquitted after trial, the identification of Mr. Jackson as a person involved in the sale of narcotics (by "ushering" people in and out of the building) and the allegation that he placed small objects on top of a door coupled with the allegation that narcotics were recovered from on top of that door, would be likely to influence a trial jury's decision to convict him.

31. Officer Brown gave perjurious and misleading testimony before the grand jury that indicted Mr. Jackson and the trial jury that ultimately acquitted him. On information and belief, Officer Fraser did not testify in the grand jury or at trial.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983

32. All other paragraphs herein are incorporated by reference as though fully set forth.

33. The aforementioned acts deprived the plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

36. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

## SECOND CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983

38. All other paragraphs herein are incorporated by reference as though fully set forth.

39. By intentionally confining, arresting, imprisoning and detaining the plaintiff without probable cause, privilege or consent, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

## THIRD CAUSE OF ACTION
### Malicious Prosecution under 42 U.S.C. § 1983

40. All other paragraphs herein are incorporated by reference as though fully set forth.

41. In initiating the criminal proceedings against the plaintiff with malice and without probable cause to believe the proceeding, which were terminated in the plaintiff's favor, could succeed, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

## FORTH CAUSE OF ACTION
### Denial of Right to a Fair Trial under 42 U.S.C. § 1983

42. All other paragraphs herein are incorporated by reference as though fully set forth.

43. By providing false information and/or evidence to the New York County District Attorney's office that was likely to influence a jury's decision, the defendants engaged under color of law in the violation of the plaintiff's right to a fair trial under the Sixth Amendment to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to the plaintiff against the defendants, jointly and severally;

3. Award the plaintiff reasonable costs, disbursements and attorneys fees; and

4. Grant any other relief the Court deems appropriate.

Dated:  New York, New York
       December 9, 2014

Respectfully submitted,

Darius Wadia, L.L.C.

_____
By: Darius Wadia (Bar number DW8679)
*Attorney for the Plaintiff*
186 Joralemon Street, Suite 1202
Brooklyn, New York  11201
(212) 233-1212
dwadia@wadialaw.com